UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 8:20-cv-02413-MSS-AAS

JUSTIN DANIEL PLASENCIA,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC., and INPHYNET CONTRACTING SERVICES, LLC.

    Defendant.

_____/

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) [Recommended: 30 days after CMR meeting] | **December 14, 2020** |
| Certificate of Interested Persons and Corporate Disclosure Statement | Completed |
| Motions to Add Parties or Amend Pleadings [Recommended: 1–2 months after CMR meeting] | **February 12, 2021** |
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant:<br>[Recommended: 1–2 months before discovery deadline] | **March 5, 2021**<br>**April 12, 2021** |
| Discovery Deadline [Recommended: 6 months before trial; all discovery must be commenced in time to be completed before this date] | **July 2, 2021** |

| | |
|---|---|
| Dispositive and *Daubert* Motions<br>[Required: 5 or more months before the trial term begins] | **August 16, 2021** |
| Meeting in Person to Prepare Joint Final Pretrial Statement<br>[Required: at least 10 days before Joint Final Pretrial Statement deadline] | **September 17, 2021** |
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form)<br>[Recommended: 6 weeks before trial term begins] | **September 28, 2021** |
| All Other Motions (including motions in limine and trial briefs)<br>[Recommended: week before Final Pre-Trial Conference] | **October 18, 2021** |
| Final Pretrial Conference | **If needed, the Court will set a date that is approximately 4 weeks before trial** |
| Trial Briefs and Deposition Transcripts[Court recommends 2 weeks before Trial | **November 9, 2021** |
| Trial Term Begins<br>[Local Rule 3.05(c)(2)(E) sets goal of trial within two years on all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day on the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **January 10, 2022** |
| Estimated Length of Trial [trial days] | **2-3 days** |
| Jury/Non-Jury | **Jury** |
| Mediation<br>Deadline:<br>**Mediator: James Betts**<br>**Address: Musetta & Associates**<br>      **201 N. Franklin St. Suite 3400**<br>      **Tampa, FL, 33602**<br>      **Telephone: (813) 254-3302)**<br>[Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | **June 25, 2021** |
| Parties Consent to Proceed Before a Magistrate Judge | **Yes___  No _x__** |

## I. Meeting of Parties

Lead counsel and any unrepresented parties must meet *in person* and not by telephone absent an order permitting otherwise. *Pursuant to the pandemic related to Covid-19, Counsel hereby certify that a telephonic meeting was held on* <u>November 30 , 2020 (date) at  2:00 pm</u> *and was attended by:*

| | |
|---|---|
| **Frederick W. Vollrath, Esq.** | **Counsel for Plaintiff** |
| **Ernest H. Kohlmyer, III, Esq** | **Counsel for Defendant, Healthcare Revenue Recovery group, LLC** |
| **John P. Gaset, Esq.** | **Counsel for Defendant, Inphynet Contracting Services, LLC** |

## II. Brief Description of the Case:

**1. Plaintiff's Claim**

In sending Plaintiff collection correspondence on September 1, 2020 for a debt in the amount of 1,012.38, Defendant, Healthcare Revenue Recovery Group, LLC violated 15 U.S.C. §1692 et seq. and Fla. Stat. §559.72(7), in that it falsely represented the character, amount, or legal status of the subject debt; used false, deceptive, or misleading representations; and willfully engaged in conduct which can be reasonably be expected to abuse the debtor or any member of her or his family. Defendant, Healthcare Revenue Recovery Group, LLC misrepresented the amount of the subject debt as Plaintiff previously advised Inphynet Contracting Services, LLC, by way of

a letter, that he wished to settle the $1,052.38 debt for $500.00; Plaintiff sent payments of $20 to co-defendant, Inphynet Contracting Services, LLC for the dates of April 23, 2020, May 21, 2020, June 26, 2020, July 28, 2020, and August 25, 2020.

2. **Defendant, Healthcare Revenue Recovery Group, LLC's Defenses**

   Defendant has asserted that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses included but not limited to: (1) FDCPA's FCCPA's bona fide error defense; (2) Failure to state a cause of action; (3) Claim for actual damages not actionable, speculative, and not the proximate cause of any action or inaction of Defendant; (4) Not liable for the actions of third Parties (5) Lack of requisite intent to support a claim under 559.72(7); (6) Failure to mitigate damages.

3. **Defendant, Inphynet Contracting Services, LLC's Defenses**

   Defendant has asserted that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses included but not limited to: (1) FDCPA's and FCCPA's bona fide error defense; (2) Failure to state a plausible claim for relief; (3) Failure to allege frequency of communications as required to sustain a claim under 559.72(7).

**III.** Pre- Discovery Initial Disclosures of Core Information

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties ___ have exchanged __x_ agree to exchange (check one) information described in Rule 26(a)(1)(A)–(D) by **December 14, 2020**.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section IV below.

1. Account notes or other documentation of collection activity.
2. Written communications between the Plaintiff and Defendants.
3. Audio recordings of recorded calls with Plaintiff, if any.
4. Documents evidencing Plaintiff's alleged damages sustained as a result of the actions or inactions of Defendants.
5. Documentation evidencing any payments received by Plaintiff.
6. Documents supporting that any action or inaction by Defendants were intentional, willful, or malicious.

### IV. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

\_\_\_ No party anticipates the disclosure or discovery of ESI in this case.

\_x\_\_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

A. The form or forms in which ESI should be produced.

   **The parties do not anticipate issues about disclosure or discovery of electronically stored information. Electronically stored information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.**

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**The Parties do not believe that discovery should be completed in phases or limited to particular issues.**

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each: **None at this time.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

> **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

_X__ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve disputes without assistance of the Court.

### V. Agreed Discovery Plan for Plaintiffs and Defendants

#### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_\_x\_\_ Yes

\_\_\_\_\_ No  **Amended Certificate will be filed by on or before 5 days after new information is discovered.**

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories,

including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions: **No further limitations.**

2. Interrogatories: **As applicable under the Federal Rules of Civil Procedure and local rules.**

3. Document Requests: **As applicable under the Federal Rules of Civil Procedure and local rules.**

4. Requests to Admit: **As applicable under the Federal Rules of Civil Procedure and local rules.**

5. Supplementation of Discovery: **As applicable under the Federal Rules of Civil Procedure and local rules.**

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**The parties agree that, pursuant to Local Rule 3.03(e), the exchange of discovery requests and responses should be in Word format or PDF and served via e-mail rather than US Mail. The parties agree that inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The parties further agree to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).**

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15.

Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **The parties will confer and work together regarding agreements for the disclosure of confidential information.**

    G.    **Other Matters Regarding Discovery**

The parties agree as follows: **None at this time.**

    IV.    **Settlement and Alternative Dispute resolution**

A.    **Settlement**

    The parties believe that settlement is

    __X___ Likely    _____ Unlikely

    The Parties request a settlement conference before a Magistrate Judge.

    _____ Yes   ___X__ No

B.    **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    _____ Yes—binding

    _____ Yes—non-binding

    __x___ No

C.    **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator as set forth in the table above, and they have agreed to the date stated in the table above as the last date for mediation. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

**D.     Settlement**

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

**E.     Other Alternative Dispute Resolution**

The parties intend to pursue the following other method(s) of alternative dispute resolution: **N/A**

**Dated this 30th  day of November, 2020.**

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties

| | |
|---|---|
| */s/ Frederick W. Vollrath* | */s/ Ernest H. Kohlmyer* |
| Frederick W. Vollrath, Esq. | Ernest H. Kohlmyer, III, Esq., LL.M. |
| Florida Bar No. 165812 | Florida Bar No. 110108 |
| fredvollrath@aol.com | skohlmyer@shepardfirm.com |
| Post Office Box 18942 | Shepard, Smith, Kohlmyer & Hand, P.A. |

Tampa, Florida 33679
Telephone: (813) 335-4379
*Attorneys for Plaintiff*

2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

*/s/ John P. Gaset*
John P. Gaset, Esq.
Florida Bar No. 98415
john.gaset@dinsmore.com
Tampa City Center
201 North Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9822
Facsimile (813) 543-9849
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on this **30th day of November 2020**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following:

Frederick W. Vollrath, Esquire at fredvollrath@aol.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*